918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William George GOFORTH, Petitioner-Appellant,
v.
Stephen T. SMITH, Respondent-Appellee.
 No. 90-5466.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 1
 AFFIRMED.
 
 
 2
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 3
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 William Goforth appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a jury trial, Goforth was convicted of first degree sodomy. He was sentenced to ten years imprisonment.
 
 
 5
 Goforth claimed that the Kentucky Parole Board unconstitutionally denied him parole by applying Ky.Rev.Stat. Sec. 439.340(10) and that application of the statute violated ex post facto laws. After reviewing the respondent's response, petitioner's response and motion for summary judgment, and the magistrate's report and recommendation, the district court dismissed the petition as meritless. See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 11-13 (1979).
 
 
 6
 On appeal, Goforth argues that the district court erred in denying him relief as he demonstrated that the Kentucky Parole Board rendered an adverse decision based upon his refusal to participate in the sexual treatment program required under Ky.Rev.Stat. Secs. 197.400, 197.440, and 439.340(10), and that application of the statute violated ex post facto laws.
 
 
 7
 Upon consideration, we conclude that Goforth does not have a constitutionally protected liberty interest in parole. The Kentucky parole statute, Ky.Rev.Stat. Sec. 439.340, does not create a liberty interest protected by the due process clause because it does not contain mandatory language restricting the parole board's discretion in making its decision. Thus, Goforth does not have a legitimate expectation of parole that cannot be denied without due process. See Greenholtz, 442 U.S. at 11-13.
 
 
 8
 Furthermore, Kentucky can require Goforth to participate in counseling as a condition to parole. To insure that the state-created parole system serves public interest purposes of rehabilitation and deterrence, the state may be specific or general in defining conditions for release and factors that should be considered by the parole authority. See Greenholtz, 442 U.S. at 8. Thus, Goforth's claims are frivolous.
 
 
 9
 Finally, the statute Goforth complains of is not an ex post facto law. Goforth admits that the relevant portion of Ky.Rev.Stat. Sec. 439.340 has been in effect since the time that he committed the offense. Application of the statute to Goforth would not be unconstitutional as an ex post facto law unless he committed the crime before the statute was enacted. Cf. Weaver v. Graham, 450 U.S. 24, 33 (1981) (statute reducing the amount of "gain time" for good conduct and obedience to prison rules deducted from a convicted prisoner's sentence was unconstitutional as an ex post facto law as petitioner's crime was committed before the statute was enacted).
 
 
 10
 For these reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation